UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


POWERHOUSE LICENSING, LLC,
a Michigan limited liability company,
POWERHOUSE MARKS, LLC, a Michigan
limited liability company, and POWERHOUSE
MERCHANDISING, LLC, a Michigan limited
liability company,

     Plaintiffs,

v.                               Case No. 07-14596

ELITE FITNESS, a New Hampshire          HONORABLE AVERN COHN
corporation d/b/a POWERHOUSE GYM, and
SEAN CORRIVEAU, an individual,

     Defendants.

_____/

**MEMORANDUM AND ORDER
GRANTING PLAINTIFFS' MOTION FOR RECONSIDERATION**

I. Introduction

    This is a trademark case. Plaintiffs Powerhouse Licensing, LLC, Powerhouse

Marks, LLC, and Powerhouse Merchandising, LLC (collectively, plaintiffs) sued

defendants Elite Fitness, Inc., d/b/a Powerhouse Gym and Sean Corriveau seeking an

injunction and damages regarding defendants' use of plaintiffs' marks in conjunction

with a gym in New Hampshire. Defendants did not appear or otherwise defend the

action. Plaintiffs filed a motion for entry of default judgment and permanent injunction.

They also sought money damages in the amount of $150,000.00, calculated by trebling

a base amount of $50,000.00, and attorney fees and expenses in the amount of

$8,125.06. The Court granted in part and denied in part the motion, finding plaintiffs

were entitled to injunctive relief but not money damages because plaintiffs failed to provide an adequate factual basis.

Before the Court is plaintiffs' motion for reconsideration regarding the denial of money damages.  For the reasons that follow, the motion is GRANTED.  As will be explained, plaintiffs are entitled to a money judgment in the amount of $130,080.00.

## II.  Background

On October 26, 2007, plaintiffs filed a multi-count complaint against defendants, claiming that defendants were infringing upon plaintiffs' trademarks by operating an unauthorized "Powerhouse Gym," in Hudson, New Hampshire.  On November 12, 2007, plaintiffs filed a motion for preliminary injunction.  Defendants failed to appear or otherwise defend the action.

On November 27, 2007, plaintiffs filed Requests for Clerk's Entry of Default against Corriveau and Elite Fitness, Inc.  On November 27, 2007, the Clerk entered a default as to Corriveau and Elite Fitness, Inc.[1]

On April 29, 2008, plaintiffs filed a Motion for Default Judgment and Permanent Injunction.  A hearing was held on June 18, 2008 at which the Court stated it would grant plaintiffs' request for injunctive relief but deny its request for damages for lack of adequate proof.  The Court directed plaintiffs to submit a proposed order.  Plaintiffs submitted a proposed order which was entered August 11, 2008.

## III.  Analysis

### A.

---

[1] Two articles regarding this case were published in the <u>Nashua Telegraph</u>.  The first article, published on December 15, 2007, is titled, "*Court-ordered eviction pushes fitness club out.*"  The second article, published on January 4, 2008, is titled, "*Shuttered Hudson gym's owner in court; Corriveau's arraignment over scanning fees from Powerhouse Gym members will be rescheduled.*"

E.D. Mich LR 7.1(g) governs motions for reconsideration, providing in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest or plain. <u>Marketing Displays, Inc. v. Traffix Devices, Inc.</u>, 971 F. Supp. 262, 278 (E.D. Mich. 1997)(citing Webster's New World Dictionary 974 (3rd ed. 1988)).

B.

Plaintiffs motion is premised on the Court's refusal to award money damages. Plaintiffs say the Court erred because (1) plaintiffs provided sufficient proof and their request to supplement the proof was wrongfully denied, and (2) the Amended Declaration of Henry Dabish attached to plaintiffs' motion for reconsideration further supports their damages request.

At the hearing, the Court indicated its reluctance to award money damages based on the lack of evidence in the record. The Court specifically noted that defendant was probably defunct. Counsel conceded that was a possibility. When asked about proof of damages, counsel referred to Exhibit D to their motion. The Court examined Exhibit D, which is the Declaration of Michael J. Jones who states that he invested $48,000.00 in the operation of the Powerhouse gym in New Hampshire owned by Corriveau. The Court found this evidence deficient. Indeed, it says nothing about the damages suffered by plaintiffs.

Counsel also referred to Exhibit A which is the Declaration of Henry Dabish, the CEO of the plaintiff companies. That declaration, however, does not discuss any

damage calculations or contain any damage figures.  Rather, the declaration outlines defendants' actions.  This evidence does not support plaintiffs' request for $50,000.00 in damages.  Thus, the Court did not err in finding that plaintiffs' failed to provide adequate proof of damages with their motion.

Plaintiffs' argument that the Court erred in not allowing Henry Dabish, who was present at the hearing, to give testimony as to damages or to permit counsel to submit supplemental evidence to support its claim for damages is not well-taken.  As the moving party, it was incumbent upon plaintiffs to provide a factual basis to support their request for injunctive relief and for damages at the time the motion was filed.  As noted above, the evidence submitted with their motion fell short.  The Court was not obligated to afford plaintiffs an opportunity to correct a deficiency they were responsible in making.

However, as noted above, plaintiffs attached an Amended Declaration of Henry Dabish to the motion for reconsideration.  The Amended Declaration, for the first time, contains a recitation of plaintiffs' alleged damages with specific calculations.  Plaintiffs now request damages in an amount "not less than $150,000.00."  In particular, the Amended Declaration sets forth the following:

- As to lost revenue, had defendants obtained a license, they would have paid plaintiffs an initial licensing fee of $16,000.00 for the first year and a $6,000.00 renewal fee for each fo the 4 subsequent years the gym was operating, for a total of $40,000.00

- Any past due licensing fee would bear interest at the rate of 12%, for a total of interest to date of $3,360.00

- The owners of another properly licensed Powerhouse gym located in Lowell, Massachusetts, near defendants' location, have been unable to pay their licensing fees as a result of defendants' actions, for which plaintiffs seek $12,000.00 in damages in lost licensing revenue from this location

- Trebling the above amounts as permitted under the Lanham Act results in an amount of $166,080.00

- Plaintiffs also claim damages for loss of good will and an inability to be able to open potential new gyms in the region. No dollar amounts are specified.

Based on the above, the Court will award plaintiffs $130,080.00,[2] computed as follows:

| | | |
|---|---|---|
| 1. | Lost Licensing Fees | $ 40,000.00 |
| 2. | Interest | $ 3,360.00 |
| 3. | Total | $ 43,360.00 |
| 4. | Trebled under Lanham Act | $130,080.00 |

Whether plaintiffs can collect on the judgment is another matter. Plaintiffs shall submit a judgment consistent with this order.

SO ORDERED.


Dated: October 28, 2008          s/Avern Cohn
                                 AVERN COHN
                                 UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 28, 2008, by electronic and/or ordinary mail.

                                 s/Julie Owens
                                 Case Manager, (313) 234-5160

---

[2]In the motion for reconsideration, plaintiffs have not requested attorney's fees and costs. While plaintiffs initially requested $8,125.06 in attorney's fees and costs, plaintiffs did not provide billing records or other proof to substantiate this request. The record contains no evidence to support an award of attorney's fees and costs.

The Court also declines to award plaintiffs damages for alleged "lost licensing revenue" relative to the Lowell, Massachusetts location because plaintiffs have not shown a causal connection between defendants' activities and the loss or otherwise demonstrated entitlement to this amount. The Court declines to award plaintiffs damages to good will and for an inability to be able to open other gyms in the region because no dollar amounts have been specified. Any award would be speculative and conjectural.